United States District Court
Southern District of Texas
**ENTERED**
April 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| KATHERINE MARIE HIGGINS, | § | Civil Action No. 4:25-cv-03449 |
| *Debtor.* | § | |
| | § | Bankruptcy Case No. 24-32044 |
| | § | |
| REESE BAKER, | § | (Chapter 7) |
| *Appellant.* | § | |

## MEMORANDUM OPINION AND ORDER

This appeal arises from an attempt to schedule a Rule 2004 examination of the debtor's mother in a Chapter 7 personal bankruptcy. The appellant Reese Baker, counsel for debtor Katherine Marie Higgins herein, was sanctioned $54,342.75 in connection with the attempted Rule 2004 examination and additional discovery. Mr. Baker seeks to have the sanction vacated.

Although the parties disagree about much, the basic narrative is largely uncontested. Debtor's mother, Ms. Alice Whiting, had provided her daughter with large sums of money in the period before the bankruptcy. There was debate about the purpose of those sums, and whether Ms. Whiting was an investor or a creditor. A large creditor of Ms. Higgins, Marie Duncan Earthman, wanted to interrogate Ms. Whiting in a Rule 2004 examination, and to review documents that Ms. Whiting was thought to have in her possession.

Mr. Baker communicated to counsel for Ms. Earthman that he was representing Ms. Whiting as well as her daughter, the debtor. Litigation ensued between Mr. Baker and Ms.

Earthman's counsel over various discovery issues.  This Court finds nothing in the record to suggest that Mr. Baker was ever intentionally untruthful in his communications with counsel.

Eventually, however, other counsel entered the case representing Ms. Whiting.  New counsel and Ms. Whiting took the position that Mr. Baker did not represent her and never had.  Accordingly, the litigation that had already ensued over the Rule 2004 examination (which had yet to take place) and related discovery was rendered null and void, and had to be repeated between Ms. Whiting's newly identified counsel and Ms. Earthman's counsel.

Ms. Earthman, through her counsel, subsequently sought monetary sanctions against Ms. Whiting and Mr. Baker in the form of attorneys' fees and costs incurred by Ms. Earthman's counsel and paid by Ms. Earthman.  Ms. Whiting paid $5,000 and was excused from further redress.  Mr. Baker contested the requested sanctions.  The bankruptcy court heard extensive testimony and legal argument as well as reviewed with care the pertinent attorney billings.  The bankruptcy court ordered Mr. Baker to pay sanctions of $54,342.75 in attorney's fees and costs to Ms. Earthman, and stressed that the imposition and amount of the sanction was entirely compensatory and not punitive.

Mr. Baker makes little substantive argument about the magnitude of the sanction other than to complain that he should not be held responsible for attorney's fees and expenses incurred by Ms. Earthman after he ceased representing Ms. Whiting.  The bankruptcy court correctly answered this argument by noting that, even after Mr. Baker ceased his

representation, additional attorney's fees and expenses were incurred by Ms. Earthman because of his challenged misconduct.

This Court dislikes the threat of sanctions against lawyers, much less their imposition. In this instance, all of the misunderstandings and resultant attorney's fees and costs could have been avoided with a single phone call.  The Court finds no unethical behavior by Mr. Baker.  Many bankruptcy lawyers who represent debtors can recall instances when they assumed they were also representing family members, even if formal documents had not been executed.  Nonetheless, there is no material error in the decision of the bankruptcy court. The attorney's fees and costs in question had to be paid, and the case for having Mr. Baker pay them rather than Ms. Earthman is self-evident.

The appeal is **DISMISSED**.  Mr. Baker's motion to require Ms. Earthman to  deposit the sanctions payment into the registry of the court pending appeal (Docket Entry No. 27) is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**.

Signed at Houston, Texas, on this the 27th day of April, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE